# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SARAH J. REICHMAN**<br>**242 4th St., NW**<br>**New Philadelphia, Ohio 44663** | ::<br>::<br>:: | **CASE NO.**<br><br>**JUDGE** |
| **Plaintiff,** | ::<br>::<br>:: | **COMPLAINT**<br>**(With Jury Demand)** |
| **v.** | :: | |
| **AUSTEN BAILEY, IN HIS INDIVIDUAL**<br>**AND OFFICIAL CAPACITY AS A**<br>**DEPUTY SHERIFF WITH THE**<br>**TUSCARAWAS COUNTY SHERIFF'S**<br>**OFFICE, TUSCARAWAS COUNTY, OHIO**<br>**2295 Reiser Ave., SE**<br>**New Philadelphia, Ohio 44663** | ::<br>::<br>::<br>::<br>::<br>::<br>:: | |
| **and** | :: | |
| **TUSCARAWAS COUNTY, OHIO, SHERIFF**<br>**ORVIS L. CAMPBELL**<br>**TUSCARAWAS COUNTY, OHIO**<br>**2295 Reiser Ave., SE**<br>**New Philadelphia, Ohio 44663** | ::<br>::<br>::<br>::<br>:: | |
| **and** | :: | |
| **TUSCARAWAS COUNTY, OHIO;**<br>**TUSCARAWAS COUNTY**<br>**COMMISSIONERS**<br>**125 East High Ave.**<br>**New Philadelphia, Ohio 44663** | ::<br>::<br>::<br>::<br>:: | |
| **Defendants.** | ::<br>:: | |

Now comes the Plaintiff, Sarah Reichman, by and through her undersigned counsel, and for her Complaint against the above-named Defendants states as follows:

## INTRODUCTION

1. This case seeks to remedy the serious and permanent injuries suffered by a young female nurse as a result of a county deputy sheriff using deadly force to stop a motor vehicle fleeing from a routine traffic stop, at low speeds, with a known female occupant

begging the fleeing driver to stop and while neither the persons fleeing nor the fleeing vehicle posed threats of death or injury to the officers or others.

2. This action seeks money damages because a county deputy sheriff used excessive force by firing four gun shots into the passenger side of a slow moving vehicle that was attempting to drive around and avoid tire spikes set by the same county deputy sheriff.

3. Plaintiff, Sarah J. Reichman, the front seated female passenger, was shot in her right leg and nearly killed when the county deputy sheriff willfully fired four gun shots at Ms. Reichman while knowing that she was in the front passenger seat pleading for the driver to stop for the police.

4. Plaintiff alleges that the county deputy sheriff and the other Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings state law claims pursuant to this Court's supplemental jurisdiction.

## JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, et. seq., for the claims raised under 42 U.S.C. § 1983 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims raised under Ohio law.

6. This Court has jurisdiction over Defendants because they are residents and/or political subdivisions of the State of Ohio.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts upon which the claims in this litigation are based and the damages resulting therefrom occurred in the County of Tuscarawas and State of Ohio.

## PARTIES

8. At all times relevant, Sarah J. Reichman was a U.S. Citizen and an individual, with no criminal history, who resided in the City of New Philadelphia, County of Tuscarawas and State of Ohio, and who suffered gunshot wounds and other injuries as a result of the unreasonable, unlawful and malicious violations of Plaintiff's U.S. Constitutional rights in Tuscarawas County, Ohio, which wrongful conduct is the subject of this Complaint.

9. At all times relevant, Defendant Austen Bailey was a U.S. Citizen and an individual who was employed as a Deputy Sheriff with the Tuscarawas County Sheriff's Office in the City of New Philadelphia , County of Tuscarawas and State of Ohio and who was acting in his individual capacity and/or in his official capacity as a Deputy Sheriff employed by the Tuscarawas County Sheriff and/or Defendant Tuscarawas County, Ohio.

10. At all times relevant, Defendant, Orvis L. Campbell, was the duly elected and/or acting Tuscarawas County Sheriff in the County of Tuscarawas, and the State Ohio, and which county and sheriff are sui juris entities that employed, trained, and supervised Defendant Austen Bailey, and ratified Defendant Bailey's wrongful conduct set forth hereinbelow.  Defendant Tuscarawas County, Ohio, Sheriff adopted, supported and/or permitted unconstitutional customs and/or practices and/or policies as alleged herein and is therefore subject to suit under 42 U.S.C. § 1983, et. seq. and the U.S. Constitution.  See Monell v. Department of Social Security Services of the City of New York, 436 U.S. 658 (1978).

11. Defendant Tuscarawas County, Ohio is a political subdivision of the State of Ohio, consisting of three duly elected commissioners known as "Tuscarawas County Commissioners", and said entity and/or commissioners are subject to suit under 42 U.S.C. § 1983, et. seq. and the U.S. Constitution for adopting, supporting, and permitting

3

unconstitutional customs, policies and practices as alleged herein. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

## BACKGROUND ALLEGATIONS

12. On Sunday, November 12, 2023, at approximately 11:15pm, the Tuscarawas County Sheriff's Office received a call from the Ohio State Highway Patrol reporting that the Ohio State Highway Patrol was in pursuit of a motor vehicle on Fort Laurens Road in Tuscarawas County, Ohio.

13. In response to this call, Defendant Austen Bailey, who was on duty as a Deputy Sheriff with Defendant Tuscarawas County, Ohio, along with other Deputy Sheriffs of the Tuscarawas County Sheriff's Office, sought to assist the Ohio State Highway Patrol in stopping the fleeing motorist.

14. While traveling in their respective law enforcement vehicles in an effort to assist in the pursuit, the Tuscarawas County Sheriff Deputies, including Defendant Austen Bailey, were informed that the fleeing vehicle had been stopped for "no turn signal and weaving in the lane of travel" , fled from the stop and "almost struck a deputy", but was otherwise traveling on back country roads, at speeds between 40-52 mph. The Tuscarawas County Deputies were also informed that the fleeing male driver was "Carl Brown", who "may have a warrant" and was traveling with a female passenger named "Sarah Reichman", who was the registered owner of the fleeing vehicle and was actively pleading for the driver to stop.

15. At no time was it reported that the driver or any of the occupants of the fleeing vehicle were felons, wanted, armed, dangerous, intoxicated or threatening. Instead, it was reported that a male driver, originally stopped for a turn signal violation, fled the stop and was traveling at relatively low speeds, on a Sunday evening, on back country roads, with a female owner/occupant telling the fleeing driver to stop for the police.

4

16. Defendant Austen Bailey and the other responding Tuscarawas County Deputy Sheriffs received the following information regarding the fleeing motorist:

A.  Suspect almost struck a deputy;

B.  Directions of fleeing vehicle;

C.  Reason for stop was no turn signal and weaving within lane of travel;

D.  Request for aviation by Ohio State Highway Patrol;

E.  Subject driver threw cigarette out window;

F.  Suspect traveling 52 mph;

G.  Directions of fleeing vehicle;

H.  Carl Brown is the driver of fleeing vehicle;

I.  There are passengers in the fleeing car;

J.  Passengers in fleeing car telling driver to slow down;

K.  Suspect traveling 40 mph;

L.  Carl Brown's brother called reporting Carl may have warrant;

M.  Carl Brown's girlfriend is Sarah Reichman and she keeps telling Carl to stop;

N.  Tanner Brown may also be a passenger;

O.  Occupants in fleeing vehicle are wearing Browns jerseys;

P.  Front right seat passenger is registered owner;

Q.  Front passenger is telling driver to stop before he kills them;

R.  Directions of fleeing vehicle; and,

S.  Suspect traveling 40 mph.

17. As Defendant Austen Bailey and fellow Tuscarawas County Deputy Sheriff Fender Colton were being advised of the above information and that the fleeing vehicle was traveling 40 mph on Blacksnake Hill Road, said Deputies proceeded to the intersection

5

of Schneiders Crossing Road and Blacksnake Hill Road where they deployed tire spike sticks across Blacksnake Hill Road adjacent to its stop sign.

18. After deploying the stop sticks, both Defendant Austen Bailey and Deputy Colton positioned themselves off to the side of the roadway facing the passenger side of the fleeing vehicle, while knowing, inter alia, from their training, that fleeing drivers will attempt to avoid deployed tire spike sticks by driving around them and with the full knowledge that a female, identified as Sarah Reichman, was the registered owner of the fleeing vehicle and was located in the front passenger seat repeatedly telling the fleeing driver to stop.

19. As the fleeing vehicle approached the intersection of Blacksnake Hill Road and Schneiders Crossing Road, the driver of the fleeing vehicle came to a complete stop, turned the front tires to the right and began to slowly accelerate around the deployed spike sticks, with only the right tire of the vehicle slightly leaving the roadway.

20. While the fleeing vehicle was attempting to maneuver around the spike sticks at a slow speed, Defendant Austen Bailey, who was standing at a safe distance off to the passenger side of the fleeing vehicle, with his service revolver already drawn and pointed at the passenger side of the fleeing vehicle, fired four gunshots into the side passenger compartment of the fleeing vehicle where Sarah Reichman was seated.

21. Defendant Austen Bailey's use of deadly force against this fleeing vehicle occupied by Plaintiff Sarah Reichman, violated the policy of the United States Department of Justice, which policy provides, in part: (A) "that law enforcement officers may only use deadly force when the officer has a reasonable belief that the subject of such force poses an imminent danger of death or serious physical injury to the officer or to another person"; (B) "deadly force may not be used solely to prevent the escape of a fleeing suspect"; (C) "firearms may not be discharged solely to disable moving vehicles. Specifically, firearms

6

may not be discharged at a moving vehicle unless: (1) a person in the vehicle is threatening the officer or another person with deadly force by means other than the vehicle; or (2) the vehicle is operated in a manner that threatens to cause death or serious physical injury to the officer or others, and no other objectively reasonable means of defense appear to exist, which includes moving out of the path of the vehicle." See, U.S. Department of Justice Manual, Title 1 – 16, 200.

22. Defendant Austen Bailey attempted to justify the shooting on the false claim that the fleeing vehicle somehow posed a danger to himself or others as it was driving around the spike sticks. However, the video evidence and the bullet holes all located on the passenger side of the vehicle demonstrate that the fleeing vehicle was never driving toward the deputies, was never a threat to their safety and Defendant Bailey never moved to avoid the path of the fleeing vehicle. (See Exhibit "A" attached hereto, depicting still photographs of the movements of the fleeing vehicle and the position of the County Deputies at the time of the shootings; and, see, Exhibit "B" attached hereto, depicting the bullet holes in the side of the fleeing vehicle.)

23. Defendant Austen Bailey shot Plaintiff Sarah Reichman in the right leg, causing serious and permanent injuries, scars, pain, suffering and other damages. (See Exhibit "C" attached hereto). Three other bullets fired by Defendant Austen Bailey narrowly missed hitting Plaintiff Sarah Reichman, including one that was level to her head.

## COUNT I
## (EXCESSIVE FORCE / DEADLY FORCE)
## (FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983)

24. Plaintiff hereby incorporates paragraphs 1-23, inclusive, of this Complaint as though fully rewritten and realleged herein.

25. This claim is brought pursuant to 42 U.S.C. § 1983.

7

26. Defendant Austen Bailey was acting under the color and authority of Ohio law at the time he fired his service revolver as described above and while acting in his capacity as a Deputy Sheriff with the Defendant Tuscarawas County, Ohio, Sheriff.

27. Defendant Austen Bailey's wrongful actions as described above, including, but not limited to, his use of deadly force against a fleeing vehicle that posed no physical threat to him or others and which vehicle was occupied by a female pleading for the driver to stop for the police, was unreasonable, excessive and unnecessary under the circumstances known to Defendant Bailey at the time he took such wrongful action.

28. Defendant Austen Bailey's use of deadly force by firing four gunshots into the passenger compartment where he knew Plaintiff Sarah Reichman was seated deprived Plaintiff Sarah J. Reichman of her rights as guaranteed by the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable searches and seizures because, inter alia, Plaintiff Sarah Reichman never posed a danger to Defendant Austen Bailey or others.

29. Defendant Austen Bailey's use of deadly force by firing four gun shots directly at Plaintiff Sarah Reichman, whom he knew was in the car repeatedly telling the driver of the fleeing vehicle to stop, deprived Plaintiff Sarah Reichman of her rights as guaranteed by the Fourteen Amendment to the United States Constitution, which include, that no state can deny equal protection of the laws to any person within its jurisdiction and no state can deprive any person of life, liberty or property without due process of law.

30. Defendant Austen Bailey acted intentionally and/or recklessly when he used deadly force and that use of deadly force was unreasonable and excessive, "beyond debate", under the facts and circumstances of this case and which wrongful and intentional conduct violated Plaintiff's rights as guaranteed in the Fourth and Fourteenth

Amendments to the United States Constitution as set forth above.

31. Defendant Austen Bailey's use of excessive force was unreasonable, unlawful, unnecessary, unjustified and in violation of clearly established law.

32. Defendant Austen Bailey's use of excessive force was not done in good faith or under the good faith belief that he or others were in immediate or potential physical danger.

33. As a direct and proximate result of Defendant Austen Bailey's unreasonable and unlawful actions, Plaintiff Sarah Reichman has suffered and continues to suffer severe and permanent physical and emotional injuries, pain, suffering and scars.

34. As a direct and proximate result of Defendant Austen Bailey's unreasonable and unlawful actions, Plaintiff Sarah Reichman has incurred medical expense, lost income from her employment as a registered nurse and other monetary damages.

35. As a direct and proximate result of Defendant Austen Bailey's unreasonable and unlawful actions, Plaintiff has and continues to suffer from severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement and physical pain and suffering.

36. Because Defendant Austen Bailey's wrongful actions were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the Plaintiff]", an award of punitive damages is appropriate to the fullest extent permitted by law. See Smith v. Wade, 461 U.S. 30 (1983).

**COUNT II**
**(42 U.S.C. § 1983 - MONELL LIABILITY )**

37. Plaintiff hereby incorporates paragraphs 1-36, inclusive, of this Complaint as though fully rewritten and realleged herein.

38. Defendant, Tuscarawas County, Ohio, Sheriff, is a law enforcement agency in Defendant, Tuscarawas County, Ohio.

39. Defendant Orvis L. Campbell is the duly elected and/or acting Sheriff of Defendant, Tuscarawas County, Ohio, Sheriff.

40. Defendant Tuscarawas County, Ohio, Sheriff, Orvis L. Campbell, is the "policymaker" with respect to Defendant Tuscarawas County Sheriff, Ohio, and its law enforcement officers employed by said Defendant, including, but not limited to, Defendant Austen Bailey, as a law enforcement agency. See, e.g. Revene v. Charles County Comm'rs, 882 F. 2d 870, 8774 (4th Cir. 1989).

41. Liability for the wrongful actions set forth herein can attach to the municipality and/or county under Monell v. Department of Social Services, 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action is taken once or repeatedly. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292 (1986). If an authorized policymaker approves a subordiante's decision and the basis for it, such ratification would be chargeable to the municipality under Monell. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).

42. Defendant, Orvis L. Campbell, as the Sheriff of Tuscarawas County Sheriff, Ohio, and as the policymaker for Tuscarawas County, Ohio, has a custom, pattern, practice and/or procedure of hiring police officers who he knows have committed acts of violence and/or have a propensity to do so, and/or retaining such police officers in their employment and/or ratifying their wrongful conduct.

43. When these officers inevitably commit acts of violence while employed for Tuscarawas County Sheriff, Ohio, Defendant Orvis L. Campbell would ratify their unconstitutional acts and assist in covering up the officers' bad actions by attempting to justify the wrongful use of unnecessary and/or excessive force.

44. As an example in the instant case, Defendant Orvis L. Campbell ratified the excessive force used by Defendant Austen Bailey by retaining Defendant Bailey as a Tuscarawas County Deputy and by falsely claiming to the public that Defendant Bailey was justified in firing four gunshots into the passenger side of the fleeing vehicle because the fleeing vehicle "was now facing directly at Deputies Bailey and Fender" and posed a imminent threat to the officers.

45. Moreover, Defendant, Tuscarawas County Sheriff, Orvis L. Campbell, has been aware that civil rights violations, criminal acts, and other egregious misconduct has been carried out by its officers, but as in this case, took no action to discipline the officers for those wrongful acts.

46. As a direct and proximate result of the customs, patterns, practices, and/or procedures of Defendant Tuscarawas County, Ohio, its commissioners, and/or Defendant Tuscarawas County, Ohio, Sheriff, Orvis L. Campbell, Plaintiff's rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution were violated.

47. As a direct an proximate result of the defendant's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical expenses, lost income, permanent injuries and disfigurement, severe emotional distress, humiliation, mental anguish, embarrassment, pain and suffering.

48. Pursuant to Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), Defendant, Tuscarawas County, Ohio, Defendant, Tuscarawas County, Ohio Commissioners and/or Defendant Tuscarawas County, Ohio, Sheriff, Orvis L. Campbell are liable to Plaintiff for her injuries suffered herein.

## COUNT III
## (INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS)

49. Plaintiff hereby incorporates paragraphs 1-48, inclusive, of this Complaint as though fully rewritten and realleged herein.

50. Defendant Austen Bailey's actions of firing four bullets into the side passenger compartment of a slow fleeing vehicle that posed no imminent danger to him or any other officer and while knowing that Plaintiff Sarah Reichman was located in the front passenger seat pleading with the driver of the fleeing vehicle to stop for the police was so outrageous, extreme and excessive that it exceeded all bounds of decency.

51. Defendant Austen Bailey intended to inflict serious and severe emotional distress and/or acted with reckless disregard when it was certain or substantially certain that severe emotional distress would result from his outrageous conduct.

52. Defendant Austen Bailey's wrongful and intentional conduct did cause Plaintiff to suffer severe emotional distress which no reasonable person could expect to endure.

## COUNT IV
## (BATTERY)

53. Plaintiff hereby  incorporates paragraphs 1-52, inclusive, of this Complaint as though fully rewritten and realleged herein.

54. Defendant Austen Bailey intentionally and/or recklessly fired four gunshots at Plaintiff Sarah Reichman and stuck her in the leg with one of the bullets.

55. Defendant Austen Bailey's conduct of firing his service revolver at Sarah Reichman and striking Plaintiff with one bullet was unreasonable  and unlawful.

56. As a direct and proximate result of Defendant Austen Bailey's battery on Plaintiff, Plaintiff has suffered those injuries and damages as set forth in Counts I, II, and III of this Complaint.

12

## COUNT V
## (PUNITIVE DAMAGES)

57. Plaintiff hereby incorporates paragraphs 1-56, inclusive, of this Complaint as though fully rewritten and realleged herein.

58. Defendant Austen Bailey's actions of firing four bullets into the side passenger compartment of a slow fleeing vehicle that posed no imminent danger to him or any other officer and while knowing that Plaintiff Sarah Reichman was located in the front passenger seat pleading with the driver of the fleeing vehicle to stop for the police was so outrageous, extreme and excessive that the wrongful actions must have been "motivated by evil motive or intent" and/or "involved a reckless or callous indifference of federally protected rights of the Plaintiff and/or constituted a conscious disregard for the rights and safety of others, including Plaintiff, and was done with malice."

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages and is entitled to compensatory damages and further entitled to an award of punitive damages against Defendant, Austen Bailey.

**WHEREFORE**, Plaintiff, Sarah J. Reichman, prays that judgment be entered in her favor and against each named Defendant herein as follows:

A.) As to Counts I, III, IV and V, Plaintiff prays for an award of compensatory damages and punitive damages, the amount of each to be determined at trial by a jury, against Defendant Austen Bailey, in his individual capacity and in his official capacity as a Deputy Sheriff with Defendant Tuscarawas County, Ohio, Sheriff;

B.) As to Count II, Plaintiff prays for an award of compensatory damages and punitive damages, the amount of each to be determined at trial by a jury, against Defendants Tuscarawas County, Ohio, Sheriff, Orvis L. Campbell and/or Tuscarawas County,

Ohio, Tuscarawas County Commissioners;

C.) As to all Counts, an award of interest on any and all judgments entered in Plaintiff's favor herein, costs, attorney fees costs, and such further and other relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues of fact.

_____
Brian L. Zimmerman

Respectfully submitted,

**B. ZIMMERMAN LAW**

_____
Brian L. Zimmerman
Ohio Supreme Court No. 0042351
Counsel for Plaintiff
229 Third Street, NW
Canton, Ohio 44702
(330) 454-8056 - Telephone
(330) 454-2434 - Facsimile
Bz@bzimmermanlaw.com

## PROOF OF SERVICE

Plaintiff hereby certifies that service of the foregoing Complaint will be made in accordance with law.

_____
Brian L. Zimmerman
Counsel for Plaintiff

14



PLAINTIFF'S EXHIBIT "A"






PLAINTIFF'S
EXHIBIT

"B"

