THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sarah J. Reichman, | ) | CASE NO.:  5:24-cv-01865-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Austen Bailey, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Join Necessary Party filed by Defendants Sheriff Orvis L. Campbell ("Campbell") and Tuscarawas County Commissioners ("Commissioners"). Doc. 21. Plaintiff Sarah Reichman has opposed the motion. Doc. 22. Upon review, the Motion to Join Necessary Party is DENIED.

**I. Standard of Review**

Rule 19 covers the required joinder of parties. In relevant part, Rule 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties …." Fed. R. Civ.

P. 19. Determining whether joinder is appropriate under Rule 19 triggers a three-step test. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). First, the court must ascertain whether the person is a necessary party under Rule 19(a). *Id.* Second, if the person is found to be necessary, the court must determine if joinder of that person would deprive the court of subject matter jurisdiction. *Id.* (internal citations omitted). Last, if such deprivation would occur, "the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (quoting *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)). However, the court need only analyze the Rule 19(b) factors if the movant satisfies the threshold requirements in Rule 19(a). *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990). Finally, Rule 19 should not "be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1346 (6th Cir. 1993); *see also Smith v. United Bhd. Of Carpenters & Joiners of Am.*, 685 F.2d 164, 166 (6th Cir. 1982) ("Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if *meaningful* relief can still be accorded.") (emphasis added).

Rule 20 governs the permissive joinder of parties. In pertinent part, Rule 20 permits the joining of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Similar to the Rule 19 analysis, the Court need not evaluate each requirement should the movant fail to

satisfy the first requirement of Rule 20. *See Billingsley v. Lincoln Electric Co.*, 2022 WL 4599189, *2 (N.D. Ohio Sept. 30, 2022) (internal citation omitted).

## II. Analysis

Pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, Defendants Campbell and Commissioners move to join Carl Brown as a party defendant in this case. Doc. 21. Plaintiff opposes Defendants' motion. Doc. 22.

### A. Rule 19

Defendants assert that "Mr. Brown's culpability is essential to the determination of Plaintiff's recovery against these Defendants. Plaintiff cannot obtain complete relief absent joining Mr. Brown because she cannot effectively prosecute her claims without Mr. Brown in this case. In Mr. Brown's absence in this lawsuit, the Court cannot accord <u>complete relief among</u> Plaintiff and these Defendants." Doc. 21, Page ID# 109-110 (emphasis in original).

Defendants misinterpret Rule 19's anticipation of "complete relief." As the Sixth Circuit has noted, "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *School Dist. Of City of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (internal quotations omitted); *compare Norfolk Southern Railway Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F.Supp.3d 877, 883-84 (S.D. Ohio 2020) (shipper/consignor, consignee, party receiving freight bill, and carrier for first leg of transport in transaction of frac sand were not necessary parties as complete relief was available among plaintiff and named defendant); *Haney v. Charter Foods North, LLC*, 747 F.Supp.3d 1093, 1114 (E.D. Tenn. 2024) (though plaintiffs could not obtain

3

complete relief for their injuries from hackers who had breached employers' computer systems and accessed employees' personal information, they could obtain complete relief against employer); *with Cooper v. Digital Processing Systems, Inc.*, 182 F.R.D. 242, 248 (N.D. Ohio 1998) (no complete relief without joinder of non-party as resolution of case between present parties would not end dispute over patent ownership interests); *Keweenaw Bay*, 11 F.3d at 1346-47 (6th Cir. 1993) (absent Native American bands were necessary parties because adverse resolution of the case without them would likely lead them to seek their own litigation to defend their fishing rights).

Plaintiff is correct that "[t]he question before the Court is whether the named Defendants violated the Constitution, resulting in Plaintiff's injuries and emotional distress." Doc. 22, Page ID# 114. Plaintiff has chosen to litigate her constitutionally rooted claims against Defendants and has chosen not to sue Mr. Brown for his involvement in the incident at the center of this case. Doc 22, Page ID# 114. Defendants failed to cite any authority, binding or persuasive, suggesting that complete relief would be impossible or impracticable in a dispute predicated on alleged constitutional violations raised under 42 U.S.C. § 1983 due to the failure to join a party involved in the incident but not also acting as a state actor under color of law. The Court has also been unable to find any precedent supporting such a result.

While the Court will not pass judgment on Defendants' contention that "Mr. Brown's culpability is essential to the determination of Plaintiff's recovery against these Defendants," Doc No. 21, Page ID# 109, the non-joinder of Mr. Brown will not prevent any party from putting on their case and presenting admissible evidence involving Mr. Brown's conduct should they so choose. In short, if the Court determines that Defendants

4

are liable for the causes of action in the Complaint, then the Court may accord complete relief to Plaintiff against Defendants in its judgment. By the same token, if the Court determines that Plaintiff has failed to make her case, the Court may accord complete relief to Defendants by clearing them of liability to Plaintiff. This is the complete relief that Rule 19 anticipates.

Therefore, Mr. Brown is not a required party under Rule 19 and the portion of Defendants' motion invoking Rule 19 fails.

### B. Rule 20

Defendants' invocation of Rule 20 also fails. First, though the Sixth Circuit appears not to have ruled on the issue, courts in numerous jurisdictions have held that a *defendant*'s ability to invoke Rule 20 is either non-existent or limited. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) ("[J]oinder of defendants under rule 20 is a right belonging to plaintiffs, and only when a right to relief is asserted against each defendant."); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162 n. 3 (E.D. Mich. 2012) ("Defendants [may not] demand that Plaintiff join another potential defendant that is not a "necessary party."); *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F.Supp.2d 611, 623 n. 13 (N.D. Tex. 2013) ("A defendant has no right to demand permissive joinder of an absent person as a defendant."); *Trahan v. Southern Pac. Co.*, 209 F.Supp. 334, 338 (W.D. La. 1962) ("[Rule 20] cannot be demanded as a matter of right by the defendant."); *Nixon v. Guzzetta*, 272 F.R.D. 260, 262 (D.D.C. 2011) ("[Rule 20] does not provide a mechanism for a defendant to join parties, unless the defendant is asserting a crossclaim or counterclaim."). This Court finds their rulings and rationales to be persuasive and applicable to this case.

5

Here, *Defendants* Campbell and Commissioners have invoked Rule 20 to add Mr. Brown to Plaintiff's lawsuit. Doc. 21, Page ID# 110. They have not asserted any counterclaims or crossclaims in this case. As such, this Court will not allow Rule 20 to be "a means for defendants to structure the lawsuit." *Moore v. Cooper*, 127 F.R.D. 422, 422 (D.D.C. 1989). Therefore, they cannot use Rule 20 to add Mr. Brown.

Second, even assuming that Rule 20 is available to Defendants, Defendants do not meet its first requirement. To reiterate, a defendant may be joined under Rule 20 if "any right to relief is asserted against them *jointly, severally or in the alternative*…." Fed. R. Civ. P. 20 (emphasis added); *see Patrick Collins, Inc. v. John Does 1-21*, 286 F.R.D. 319, 322 (E.D. Mich 2012) (plaintiff's assertion of a right to relief jointly and severally against defendants satisfies the first clause of the first requirement). Defendants omit discussion regarding this key phrase in their motion, focusing instead on the fact that both Defendants' and Mr. Brown's conduct happened in "the same event or occurrence." Doc. 21, Page ID# 110. One key reason why "[j]oinder is generally favored under the federal rules," *Scott v. Fairbanks Capital Corp.*, 284 F.Supp. 2d 880, 887 (S.D. Ohio 2003), is that it "promote[s] trial convenience and expedite[s] the final determination of disputes, thereby preventing multiple lawsuits." *Patrick Collins,* 282 F.R.D. at 166 (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)).

Plaintiff's claims allege violations of her constitutional rights by Defendants and are asserted exclusively against the named Defendants. Doc. 1, Page ID# 7-13. As previously mentioned, Plaintiff has stated that she has chosen not to sue Mr. Brown for his involvement in the matter. Doc. 22, Page ID# 114. Therefore, joinder of Mr. Brown

6

here would not further the policy of judicial efficiency underlying the joinder rules, and Defendants have failed to meet Rule 20's requirements.

### III. Conclusion

The Motion to Join Necessary Party by Defendants Campbell and Commissioners is DENIED.

IT IS SO ORDERED.


October 16, 2025                               */s/ Judge John R. Adams*
                                               JUDGE JOHN R. ADAMS
                                               UNITED STATES DISTRICT COURT